# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| WEC 98C-3 LLC, | ) |
|         Plaintiff, | ) ) ) |
| v. | ) ) ) |
| SAKS INCORPORATED | ) ) |
|         Defendant. | ) ) ) |

## VERIFIED COMPLAINT

Plaintiff WEC 98C-3 LLC ("Plaintiff" or "Landlord"), by its attorney, for its Verified Complaint against defendant Saks Incorporated ("Defendant" or "Saks"), alleges as follows.

## NATURE OF THE ACTION

1. This action arises from Saks' refusal to honor its obligations under a corporate guaranty (the "Guaranty"). Under the Guaranty, Saks promised absolutely and unconditionally to guarantee the payment of rent and other amounts by tenant CPS Department Stores, Inc. ("Carson's" or "Tenant")[1] with respect to leased premises located at 4 Stratford Square, Bloomingdale, Illinois 60108 in the Stratford Square Mall (the "Property"). WEC 98C-3's investment in the Property was a triple-net vehicle. Accordingly, all obligations for rent, debt service, taxes and expenses were Tenant's, and all payments were to be remitted directly by Tenant to Landlord's Lender.

---

[1] Reference herein to Carson's or Tenant includes all successors and assignees of CPS Department Stores, Inc., including McRIL, LLC.

2. Tenant filed for bankruptcy in Delaware in February 2018 and subsequently rejected the Lease in the bankruptcy proceeding. As a result of Saks' refusal to honor its payment obligations under the Guaranty, Plaintiff lost the Property in a mortgage foreclosure action filed by its Lender in the Circuit Court of DuPage County, Illinois.

3. Plaintiff is entitled to damages suffered as a result of Saks' breach of the Guaranty, including rent and all other damages, costs and expenses arising out of Saks's default (including the loss of the Property), as well as attorneys' fees and interest.

## THE PARTIES

4. Plaintiff is a Texas limited liability company with its principal place of business at 365 Wastena Terrace, Ridgewood, New Jersey. Plaintiff's sole member is CPS IL Plan, an Owners-Only 401(k) plan organized in New Jersey, the sole Trustee and Beneficiary of which is Leonard (Lee) T. Miller, a resident of New Jersey.

5. Defendant Saks Incorporated is a Tennessee corporation with its principal place of business at 225 Liberty Street, New York, New York 10281.

## JURISDICTION AND VENUE

6. The Court has personal jurisdiction over Saks because Saks made a contract or promise substantially connected with Illinois.

7. Subject matter jurisdiction is based upon diversity of citizenship. There is complete diversity among the parties because Plaintiff is a citizen of Texas and New Jersey and Saks is a citizen of Tennessee and New York. 28 U.S.C. § 1332(a). The matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

8. Venue is proper in this District pursuant to 28 U.S.C §1391(b) because a substantial part of the acts or omissions giving rise to the claim occurred in this District, or a

substantial part of the property that is the subject of the action is situated in this District.

## FACTUAL BACKGROUND

**A. Saks Unconditionally Guarantees the Performance of Tenant's Obligations Under the Lease.**

9. Plaintiff is the prior owner of the Property, retail premises that constituted a portion of the Stratford Square Mall in Bloomingdale, Illinois, where a Carson Pirie Scott store was located until 2018.

10. On October 31, 1985, Landlord and Tenant entered into a lease for the Property (the "Lease"), a copy of which is attached hereto as Exhibit 1.

11. The Lease was amended on February 1, 1994 and August 5, 1998. Copies of the amendments are attached, respectively, as Exhibits 2 and 3.

12. Landlord and Tenant structured the Lease as a triple net lease, whereby Tenant was obligated to pay, in addition to base rent and additional rent, *all* costs associated with the Property, including, but not limited to all taxes, operating expenses, maintenance and repairs, and legal fees.

13. On August 5, 1998, Saks' predecessor-in-interest, Proffitt's Inc., entered into a Guaranty of the Lease, guaranteeing the "full, faithful and prompt performance of all the covenants, terms, conditions, and agreements" of the Tenant under the Lease. A copy of the Guaranty is attached hereto as Exhibit 4.

14. On or about September 17, 1998, Saks succeeded in interest as the guarantor under the Guaranty by the merger of Saks Holdings, Inc. and Proffitt's, Inc., with the surviving entity changing its name to Saks Incorporated.

15. On April 7, 2017, Saks reaffirmed that the Guaranty remained in full force and

effect by executing and delivering to plaintiff a Guarantor Estoppel Certificate. A copy of the Estoppel Certificate is attached hereto as Exhibit 5.

### B. Carson's Files for Bankruptcy and Defaults Under the Lease, But Saks Refuses to Honor Its Unconditional Guaranty

16. On February 4, 2018, Tenant filed for bankruptcy protection in the United States Bankruptcy Court, District of Delaware.

17. Tenant paid only a portion of the February 2018 base rent. Thereafter, Tenant, as debtor-in-possession, paid the base monthly rent from March 1, 2018 through August 31, 2018.

18. By notices sent on February 6, 2018 and March 9, 2018, Plaintiff notified Saks as Guarantor of Tenant's default and demanded that Saks honor its unconditional Guaranty obligations. Copies of Plaintiff's demand letters to Saks are attached as Exhibits 6 and 7.

19. Despite such demands, Saks refused to pay any of Tenant's defaulted payment obligations.

20. Rent due and payable under the Lease was co-terminus with the loan payments payable under a mortgage held by Wells Fargo Bank, N.A., as Trustee ("Lender") encumbering the Premises.

21. Tenant was instructed to remit rent and all other amounts due under the triple-net Lease directly to Lender in payment of the loan payments.

22. Tenant's and, by extension, Guarantor's failure to remit rent to Lender, in payment of the mortgage, resulted in Landlord's default thereunder.

**C. Lender Files a Foreclosure Action in DuPage County While Plaintiff Seeks to Enforce the Guaranty in New York State Court**

23. Lender, on May 3, 2018, accordingly commenced a mortgage foreclosure action in the Circuit Court of DuPage County, Illinois, in the case captioned *Wells Fargo, NA v. WEC 98C-3 LLC,* No. 18 CH 000577, alleging a payment default and an additional event of default in light of the Tenant's bankruptcy filing.

24. A Receiver, John Suzuki of Collateral Trustee, Inc., was appointed by the Court in the foreclosure action upon the recommendation of WEC 98C-3. Plaintiff had retained Mr. Suzuki prior to the foreclosure, and Lender assumed Mr. Suzuki's agreement with Plaintiff with respect to property management and marketing as receiver. Mr. Suzuki thereafter managed the Property during the foreclosure and marketed it in conjunction with CBRE. Plaintiff's own proactive marketing efforts (including numerous discussions with brokers and prospective lessees and purchasers including mall operators) and its own marketing agreement with CBRE predated Mr. Suzuki's appointment. Plaintiff's early and robust marketing efforts included interviewing a number of brokerage firms as well as discussions with the Town of Bloomingdale about incentives and alternate uses. Plaintiff ultimately chose CBRE because of its national footprint and reputation as the largest commercial real estate services company in the world. Plaintiff also attempted to engage Saks on numerous occasions about the marketing process and to encourage Saks' input, which Plaintiff never received.

25. Effective August 31, 2018, Tenant rejected the Lease in the bankruptcy proceeding, ceased paying any rent, and surrendered possession. In addition, Tenant failed to pay additional rent, including, but not limited to, real estate taxes.

26. Meanwhile, on May 8, 2018, Plaintiff had filed a lawsuit to enforce the Guaranty

in state court in New York, where Saks is headquartered. *See WEC 98C-3, LLC v. Saks Incorporated*, Index No. 652250/2018 (N.Y. Sup. Ct.) (Nock, J.) (the "New York Action"). Rather than honor its payment obligations, Saks sought to delay WEC 98C-3's enforcement of its rights by moving to dismiss the New York Action on the basis of *forum non conveniens*.

27. The court in the New York Action recognized the action sought to enforce Saks' "clear-cut guaranty payment obligations." March 8, 2019 Decision and Order, attached hereto as Exhibit 8. Further, it noted "[t]he guaranties all specifically provide that they are not contingent on anything other than a default by the tenants in their rent payments." *Id*.

28. While the New York Action was pending, Lender obtained a judgment of foreclosure and sale in the DuPage County foreclosure case. An order approving sale and awarding possession to Lender's nominee was entered on February 27, 2020.

29. After the New York action had been pending for two years, the New York court, on March 30, 2020, dismissed the case on the grounds of *forum non conveniens*, finding Illinois is the more convenient forum for this action.

30. Under the Lease, as amended, neither termination of Tenant's possession nor the repossession of the Property relieves Tenant of its obligations under the Lease. *See* Exhibit 3, Section 2.27. Likewise, Saks remains obligated to perform all of Tenant's obligations under the Lease and must pay Landlord "all damages and all costs and expenses that may arise in consequence of any default" by Saks under the Guaranty, notwithstanding *inter alia* any termination of the lease, exercise or non-exercise of any right under the Lease or Guaranty, any lien or security interest on the Property, any bankruptcy of Carson's or Saks, or any taking or recovering of the Property. *See* Exhibit 4, pp. 2-4; *see, e.g.,* p. 3 ("No termination of the Lease or taking or recovering of the premises demised thereby shall deprive Landlord of any of its

6

rights and remedies against Guarantor under this Guaranty.").

## COUNT I – BREACH OF UNCONDITIONAL GUARANTY

31. Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 30, as though fully set forth herein.

32. Saks duly executed and delivered to Plaintiff the Guaranty whereby it absolutely and unconditionally guaranteed payment of Tenant's obligations under the Lease and performance of its other obligations thereunder.

33. The Guaranty is a valid and enforceable contract.

34. Plaintiff has performed all of its obligations under the Guaranty.

35. Saks has breached the Guaranty by failing to make payment as required, despite repeated demand by Plaintiff.

36. Plaintiff has suffered injury thereby.

37. As a result of the foregoing, Saks owes Plaintiff the following categories of damages, set forth in Plaintiff's Motion for Summary Judgment filed in the New York Action before the state court's ruling on forum grounds (*see* Exhibit 9, attached hereto and made a part hereof): (1) base with interest, both pre-petition and post-lease rejection, plus insurance, maintenance, real estate taxes and other expenses; (2) base rent and additional rent plus interest and all of Tenant's other payment and performance obligations through January 31, 2024, the conclusion of the Lease; (4) all other damages, costs and expenses arising in consequence of Saks's default under the Guaranty, including the lost value of the Property; (5) Plaintiff's attorneys' fees and costs pursuant to the Guaranty; and (6) pre- and post-judgment interest.

WHEREFORE, Plaintiff WEC 98C-3 LLC respectfully requests that this Court enter judgment in its favor and against Saks, and grant such other relief as the Court deems proper.

Dated: July 24, 2020          Respectfully submitted,

WEC 98C-3 LLC

By: /s/John J. Tully, Jr.
*Its attorney*

John J. Tully, Jr.
Tully & Associates
33 North Dearborn Street, Ste. 2450
Chicago, Illinois 60602
Telephone: (312) 917-2411
jtully@tullyassoc.com
#6226266

## VERIFICATION

I, Leonard (Lee) T. Miller, pursuant to 28 U.S.C. § 1746, verify under penalty of perjury that the foregoing allegations are true and correct.

Executed on July 24, 2020

_____
LEONARD MILLER