## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| WEC 98C-3 LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| 4 STRATFORD SQUARE MALL | ) | |
| HOLDINGS, | ) | |
| | ) | |
| Plaintiff-Intervenor, | ) | |
| | ) | No. 20 C 4356 |
| v. | ) | |
| | ) | Judge John Z. Lee |
| SAKS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Defendant Saks Inc. ("Saks") has been the guarantor to a lease agreement ("the Lease") between a tenant, Carson Department Stores ("CPS"), and its landlord, Plaintiff WEC 98C-3 ("WEC"), since 1998. When CPS filed for bankruptcy in 2018 and stopped making payments on the Lease, Saks refused to make CPS's payments, despite the guaranty agreement. As a result, WEC and its successor-in-interest, Plaintiff-Intervenor 4 Stratford Square Mall Holdings ("Stratford"), who now owns the property that was the subject of the Lease, have filed suit against Saks. Saks has moved to dismiss both complaints. For the reasons explained below, these motions to dismiss are denied.[1]

---

[1] Saks makes identical arguments regarding the guaranty agreement in its motions to dismiss the complaint of WEC, as well as the complaint of Stratford as an intervenor. Accordingly, the Court addresses those arguments together, noting differences where necessary.

# I. <u>Background</u>[2]

CPS signed an agreement with WEC to lease a storefront ("the Property") at the Stratford Square Mall in Bloomingdale, Illinois, on October 31, 1985. Compl. ¶ 10. The lease required CPS to pay WEC both rent and costs associated with the storefront, "including, but not limited to all taxes, operating expenses, maintenance and repairs, and legal fees." *Id.* ¶ 12.

Thirteen years later, Proffitt's Inc., the predecessor-in-interest to Saks, signed a guaranty of CPS's lease ("the Guaranty") on August 5, 1998. *Id.* ¶ 13. In this agreement, Proffitt's guaranteed CPS's "full, faithful and prompt performance of all the covenants, terms, conditions, and agreements" under the Lease. *Id.* Just one month later, Saks acquired Proffitt's obligations through a merger, becoming the guarantor on the Lease. *Id.* ¶ 14. Saks then reaffirmed the validity of the Guaranty on April 7, 2017. *Id.* ¶ 15.

When CPS's parent company filed for bankruptcy in early 2018, CPS began paying only the base rent to WEC and failed to pay other costs associated with the Property in violation of the Lease. *Id.* ¶ 17. This led WEC to contact Saks in February and March of 2018, demanding that Saks make the payments that CPS had missed. *Id.* ¶ 17. When Saks refused, WEC alleges, it was unable to make its mortgage payments and defaulted on its mortgage for the Property. *Id.* ¶ 22. WEC's mortgage was ultimately foreclosed upon. *Id.* ¶ 24.

---

[2]     The following well-pleaded factual allegations are accepted as true for purposes of the motion to dismiss. *See Calderon-Ramirez v. McCament*, 877 F.3d 272, 275 (7th Cir. 2017).

CPS went on to reject the Lease in its bankruptcy proceeding. As for the Property, it was purchased subsequently by Plaintiff-Intervenor Stratford. *Id.* ¶ 28; Mot. Intervene, Ex. A, Compl. Intervention ("Compl. Int.") ¶¶ 8–9, ECF No. 57.

WEC filed this suit against Saks in order to collect the unpaid amounts due under its lease with CPS. Compl. ¶ 24. Stratford intervened to protect its own interests and seeks to collect the rent and costs that have accrued since it purchased the Property. Compl. Int. ¶ 52. Saks asks the Court to dismiss both claims, arguing under Rule 12(b)(1) that WEC and Stratford lack standing and under Rule 12(b)(6) that they fail to state legally cognizable claims.

## II.    <u>Legal Standard</u>

Under Rule 12(b)(1), a defendant may move to dismiss claims over which the federal court lacks subject-matter jurisdiction, including claims for which the parties lack standing. *See Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443 (7th Cir. 2009); *Perry v. Vill. of Arlington Heights*, 186 F.3d 826, 829 (7th Cir. 1999).

A defendant may bring either a facial challenge or a factual challenge to the Court's subject-matter jurisdiction. *Silha v. ACT, Inc.*, 807 F.3d 169, 172 (7th Cir. 2015). Here, because Saks's motion relies on WEC's and Stratford's pleadings, it is best understood as a facial challenge.

"Facial challenges require only that the court look to the complaint and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction." *Apex*, 572 F.3d at 443. When considering a facial challenge, "the district court must accept as

true all well-pleaded factual allegations, and draw reasonable inferences in favor of the plaintiff." *Ezekiel v. Michel*, 66 F.3d 894, 897 (7th Cir. 1995).

Under Rule 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This standard "is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (cleaned up). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (cleaned up).

When considering a motion to dismiss, courts accept "all well-pleaded factual allegations as true and view them in the light most favorable to the plaintiff." *Lavalais v. Vill. of Melrose Park*, 734 F.3d 629, 632 (7th Cir. 2013). At the same time, courts are "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim. *Iqbal*, 556 U.S. at 678.

4

### III.   Analysis

**A.   Standing**

"Federal courts have jurisdiction over certain cases and controversies. U.S. Const. art. III, § 2. Standing . . . determines which cases and controversies 'are of the justiciable sort referred to in Article III.'" *Doe v. Holcomb*, 883 F.3d 971, 975 (7th Cir. 2018) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)).   To plead standing, a Plaintiff must first show "an 'injury in fact,' that is, 'an invasion of a legally protected interest which is . . . concrete and particularized, and . . . actual or imminent.'" *Dunnet Bay Const. Co. v. Borggren*, 799 F.3d 676, 688 (7th Cir. 2015) (quoting *Lujan*, 504 U.S. 555, 560).   "[A] concrete injury is one that is real, . . . not abstract." *Larkin v. Fin. Sys. of Green Bay, Inc.*, 982 F.3d 1060, 1064 (7th Cir. 2020) (cleaned up).   And an injury is particularized if it "affect[s] the plaintiff in a personal and individual way." *Id.* at 1064 (quoting *Lujan*, 504 U.S. at 560 n.1).   Finally, an injury is actual or imminent if it is "not conjectural or hypothetical." *Lujan*, 504 U.S. at 560.

Once injury is established, a plaintiff must prove "a causal connection between the injury and the challenged conduct, meaning that the injury is 'fairly traceable' to the challenged conduct; and . . . a likelihood 'that the injury will be redressed by a favorable decision.'" *Dunnet Bay*, 799 F.3d at 688 (quoting *Lujan*, 504 U.S. at 560).

Defendant argues that neither Plaintiff has properly alleged an injury.   This argument is baseless.

5

WEC has pleaded a breach of contract, leading to loss of rental income. Compl. ¶¶ 18–22. Such an injury is concrete because it is direct financial harm rather than some theoretical injury; it affects WEC, as a party to the contract; and the injury is actual, as it has already occurred.

Stratford, too, has pleaded injury sufficiently. Stratford is WEC's successor in interest and has alleged that their purchase of the Property gives them a right to collect rent under the Lease, and that Defendant is refusing to pay that rent in violation of the Guaranty. Compl. Int. ¶¶ 47–52. Like WEC's allegations, these are more than enough to plead an injury under Article III.[3]

Despite this, Defendant insists that these financial injuries are not "concrete" because WEC and Stratford do not offer exact numbers for their financial injury. This misunderstands the concreteness requirement and finds no support in the pleadings nor the law. Indeed, as detailed below, WEC and Stratford both have offered estimates of their damages. But even if they had not done so, they would still have standing. So long as some harm is properly alleged, its exact economic value is not necessary to establish standing. *See Uzuegbunam v. Preczewski*, 141 S. Ct. 792, 802 (2021) (holding that once a violation of a legal right and causation are shown, nominal damages are sufficient to establish standing). Accordingly, Saks's motion to dismiss on standing grounds is denied.

---

[3] In the interest of completeness, the Court notes that both parties also have pleaded that Defendant's failure to pay is causing their financial harm. Compl. ¶ 22; Compl. Int. ¶ 52. They each also make clear that the injury can be redressed through compensatory damages. Compl. ¶ 22; Compl. Int. ¶ 52.

**B.      Subject matter jurisdiction**

WEC and Stratford invoke the Court's diversity jurisdiction under 28 U.S.C. § 1332.  Saks contends that neither has adequately alleged its existence.  Diversity jurisdiction, as it applies in this case, requires that: (1) the parties are "citizens of different States;" and (2) "the matter in controversy exceeds the sum or value of $75,000."  28 U.S.C. 1332(a).  "Normally, a plaintiff can meet this pleading requirement by simply alleging a plausible amount in controversy."  *Ware v. Best Buy Stores, L.P.*, 6 F.4th 726, 732 (7th Cir. 2021).  And "'[o]nce the proponent of federal jurisdiction has explained plausibly how the stakes exceed' the amount-in-controversy threshold of a jurisdictional statute, 'then the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much.'"  *Id.* (quoting *Spivey v. Vertrue, Inc.*, 528 F.3d 982, 986 (7th Cir. 2008)).

Both WEC and Stratford have established jurisdiction under 28 U.S.C. § 1332(a).  *See* Compl. ¶ 7; Compl. Int. ¶ 6.  Saks is a citizen of New York and Tennessee, whereas Plaintiffs WEC and Stratford are citizens of Texas and New Jersey, and South Dakota, respectively.  Compl. ¶¶ 4–5; Compl. Int. ¶ 4.  This establishes diversity of citizenship.

Furthermore, each party has pleaded an amount in controversy exceeding $75,000.  Both WEC and Stratford allege that Saks's refusal to pay them has resulted in approximately $91,530 per month in lost rent.  Compl. ¶ 37, Ex. 9, Pl.'s Mot. Summ. J. Filed New York Action at 2 n.1, ECF No. 1-3; Compl. Int. ¶ 26.  They also both allege that they are owed multiple months' worth of rent—WEC for the eighteen

months before the sale of the Property, and Stratford for the twenty months from the sale of the Property until the end of the lease.  Compl. ¶ 37; Compl. Int. ¶ 26. Because even one month's rent would exceed $75,000, both WEC and Stratford have alleged the requisite amount in controversy.

Accordingly, Saks's motion to dismiss for lack of diversity jurisdiction is denied.

## C.    Waiver and other affirmative defenses

Beyond its jurisdictional arguments, Saks contends that it is not liable under the Guaranty because performance of the Lease itself was excused.  In doing so, Saks raises defenses under the doctrines of impossibility and frustration of purpose; argues that WEC waived its right to collect rent from CPS when it failed to file a claim against CPS in bankruptcy court; and insists that neither WEC nor Stratford properly pleaded mitigation of damages.  These are all affirmative defenses.  *See Am. Nat'l Bank v. Richoz*, 545 N.E.2d 550, 552 (Ill. App. Ct. 1989) (referring to both frustration of purpose and impossibility as affirmative defenses); *R & B Kapital Dev., LLC v. N. Shore Cmty. Bank & Tr. Co.*, 832 N.E.2d 246, 255 (Ill. App. Ct. 2005) ("Waiver [is an] affirmative defense[] and under Illinois law must be affirmatively pled or [it is] waived."); *Takiff Props. Grp. Ltd. #2 v. GTI Life, Inc.*, ¶ 23, 124 N.E.3d 11, 17 (Ill. App. Ct. 2018) ("[M]itigation concerns the measure of damages, not the legal right to recover damages."); *Danada Square, LLC v. KFC Nat'l Mgmt. Co.*, 913 N.E.2d 33, 43 (Ill. App. Ct. 2009) (holding that mitigation affects the measure of damages, not the right to recovery).

But "a plaintiff is not required to plead facts in the complaint to anticipate and defeat affirmative defenses." *Indep. Tr. Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012). Rather, only when "allegations [in the complaint] show that there is an airtight defense has [a plaintiff] pleaded himself out of court." *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). Even a generous view of Saks's arguments reveals that all of the affirmative defenses, other than waiver, depend on facts not referenced in the complaints.[4]

As for waiver, Saks argues that it has no obligation to either WEC or Stratford under the Guaranty because WEC did not raise its claim in CPS's bankruptcy proceedings. But, as another court in this district has noted in interpreting an identical contract between the same parties, this argument "flies in the face of the clear language of the Lease Guaranty." Mem. Op. Order at 7, *WEC 98C-4 LLC v. Saks Inc.*, 20C4363, ECF No. 32 (N.D. Ill. Dec. 7, 2020). Indeed, the Guaranty, which was attached to both complaints, specifies that:

> [T]he liability and obligation of Guarantor hereunder shall be absolute and unconditional and shall remain in full force and effect without regard to, and shall not be released, discharged, or in any way impaired by, and shall not be subject to any reduction, limitation, termination, defense, offset, counterclaim, or recoupment as a result of . . . any bankruptcy . . . relating to Tenant . . . including, without limitation, rejection of the Lease or guaranteed Obligations in such bankruptcy.

Compl., Ex. 4, Corporate Guaranty at 2, ECF No. 1-1; Compl. Int., Ex. 4, Corporate Guaranty at 2, ECF No. 57. Thus, on the face of the complaints, both WEC and

---

4       Saks also includes a series of newspaper articles to support its motion to dismiss. These documents are not considered, both because they are not appropriate for judicial notice and because they are irrelevant to Saks's waiver argument.

Stratford have pleaded that the guarantor (*i.e.,* Saks) promised payment "without regard to . . . any bankruptcy." Thus, the motions to dismiss on the grounds of waiver are denied.

### IV.    <u>Conclusion</u>

For the reasons provided, Defendant's motions to dismiss are denied in their entirety.

**IT IS SO ORDERED.**                **ENTERED:  2/16/22**

_____
**John Z. Lee**
**United States District Judge**

10