IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WEC 98C-3 LLC,<br><br>   Plaintiff,<br><br> v.<br><br>SAKS INCORPORATED,<br><br>   Defendant.<br><br> and<br><br>4 STRATFORD SQUARE MALL HOLDINGS LLC,<br><br>   Plaintiff,<br><br> v.<br><br>SAKS INCORPORATED,<br><br>   Defendant. | Case No. 20 C 4356<br><br>Judge Harry D. Leinenweber |

# ORDER

This is a case for unpaid rent based on a lease involving a department store. On September 30, 2022, the Court granted summary judgment to Intervenor, 4 Stratford Square Mall Holdings. (Dkt. No. 104.) On November 8, 2022, the Court granted Stratford's Motion for Entry of Final Judgment. (Dkt. No. 110.) The lease agreement contains a provision governing prejudgment interest payments on past-due installments of rent. (Lease at 2-3, Intervenor Compl., Ex. 1, Dkt. No. 57.) The parties differ on what the amount of

prejudgment interest should be. Each party has submitted its own calculation. The Court adopts, in part, Saks' calculation of interest.

## **STATEMENT**

The provision in the lease authorizing prejudgment interest reads as follows:

> Default Rate: Shall be a rate of interest equal to the lesser of: (a) the maximum amount of interest permitted under applicable state law, or (b) the greater of (i) four percent (4%) in excess of the yield, from time to time, as quoted daily in the Wall Street Journal, of U.S. Treasury Bonds having a maturity closest to that date which is ten (10) years after the date of the Event of Default, or (ii) sixteen (16%) per annum. (Lease at 2-3.)

Both parties agree that this provision applies.

The parties disagree on how much the prejudgment interest should be. Stratford argues that the proper amount of prejudgment interest is 16%. Stratford alleges that subsection (a) does not apply in this case because Illinois law does not proscribe a maximum interest rate for commercial debts. Stratford provides figures showing that the greater rate from subsection (b) is 16%. Saks disagrees. Saks argues that the proper interest rate is 5% (or, in the alternative, 9%). Saks alleges that subsection (a) does apply in this case, and that the proper amount of interest allowed by Illinois law is 5%.

The Court agrees with Saks that subsection (a) applies but disagrees that the proper amount of prejudgment interest is 5%. Illinois law states that the maximum allowable rate of interest is 9%. 815 ILCS 205/4 (1).

Saks argues that the term "maximum amount of interest permitted under applicable state law" is ambiguous. In support of its position, Saks cites *Celotex Corp. v. Discount Roofing Materials, LLC.*, 2012 IL App (1st) 110614-U. There, the Illinois appellate court upheld a circuit court's decision holding that a similar contractual provision in a credit agreement was ambiguous. *Id.* ¶ 34. In *Celotex*, the provision in question stated that the parties agreed to pay interest "at the maximum rate allowed by law." *Id.* ¶ 12. The *Celotex* approach is not followed uniformly by Illinois courts. *See McGinley Partners, LLC. v. Royalty Properties, LLC.*, 117 N.E.3d 1207, 1226 (Ill. App. Ct. 1st Dist. 2018.) However, even taking *Celotex* at face value, the Court finds that it does not apply here. In *Celotex*, the court struck down the interest provision because it found there was no applicable maximum rate in Illinois law. Yet the *Celotex* court made clear that if Illinois law provided a statutory maximum interest rate, the contractual provision would not have been ambiguous. *Celotex*, 110614-U at ¶¶ 31-32. Here, 815 ILCS 205/4 provides a ceiling of

9% interest. Therefore, the Court finds that the interest provision in the lease is not ambiguous, and *Celotex* does not apply.

Stratford argues that 815 ILCS 205/4 does not apply here. The statute contains a long list of exceptions to the 9% interest rate, including "[a]ny loan made to a corporation." 815 ILCS 205/4(1)(A). However, the transaction at hand is not a loan, nor a credit agreement. It is a lease. The money in question is for unpaid rent. None of the statutory exceptions cover interest payments for unpaid rent. Stratford cites to several cases holding that Illinois law does not cap prejudgment interest, but none of those cases involve a lease or interest on unpaid rent.

For the reasons stated above, the Court finds that subsection (a) of the lease agreement applies. The proper rate of prejudgment interest is 9%, as set out by 815 ILCS 205/4. An interest rate of 9% yields a total amount of prejudgment interest of $818,627.75, payable to Stratford.

**IT IS SO ORDERED.**

_____
Harry D. Leinenweber, Judge
United States District Court

Dated: 2/9/2023